UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUKHAMMADYUSUF SODIKOV
(A-249-271-979),

              Petitioner,

    v.

CHRISTOPHER CHESTNUT, Warden, et al.,

              Respondents.

No. 1:26-cv-1720 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Mukhammadyusuf Sodikov (A-249-271-979), a native/citizen of Uzbekistan who is proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner entered the United States on August 27, 2023, in San Ysidro, California, under the CBP One program.  (ECF No. 1 at 9.)  On December 23, 2025, petitioner was arrested and detained and has been in continuous detention since this date.  This habeas action concerns petitioner's arrest and detention.  For the reasons that follow, the Court recommends the petition for a writ of habeas corpus be denied.

///

///

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.      FACTUAL BACKGROUND

Petitioner is a 29-year old citizen and native of Uzbekistan.  (ECF No. 1 at 4.)  On August 27, 2023, petitioner entered the United States under the CBP One program.  (Id. at 9.)  While in the United States, petitioner applied for asylum, withholding of removal, and protection against the Convention Against Torture.  (Id.)

On November 10, 2023, Department of Homeland Security ("DHS") issued petitioner a Notice to Appear charging him as removable from the United States under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I); the Notice to Appear also included a checked box indicating, "You are an arriving alien."  (ECF No. 7-1 at 5.)  The December 23, 2025 Form I-213 states petitioner was released into the U.S. on November 29, 2023.  (Id. at 15.)

On December 22, 2025, petitioner was arrested by the Los Angeles Police Department for violation of "California Penal Code § 647(B)(2)."[2]  (ECF No. 1 at 1, 9.)  Petitioner does not have a criminal case pending with the Los Angeles Superior Court, and petitioner has no criminal convictions.[3]  (Id. at 9.)

Following petitioner's release from the Los Angeles Police Department, petitioner was personally served on December 23, 2025, with an arrest warrant issued by DHS, and was detained by U.S. Immigration and Customs Enforcement ("ICE") on December 23, 2025. (ECF No. 7-1 at 11.)

///

---

[2]  California Penal Code Section 647 provides that "a person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor," and subsection (**b**)(2) defines the crime of prostitution as soliciting, agreeing to engage in, or engaging in sexual intercourse or a lewd act with another person in exchange for money or compensation (such as drugs or gifts), and applies to both the prostitute and the customer.  Cal. Penal Code § 647(**b**)(2) (emphasis added because there is no (B)(2)).

[3]  In the petition, counsel writes:  "Petitioner has no criminal convictions. **Respondent** has a criminal arrest on December 22, 2025.  **Respondent** does not have a criminal case pending with Los Angeles Superior Court."  (ECF No. 1 at ¶ 41 (emphasis added).)  This paragraph is in the section bearing the subheading:  "Petitioner's Background and Arrest."  (Id. at 9.)  In addition, other sections of the petition confirm petitioner was arrested on December 22, 2025.  (ECF No. 1 at ¶¶ 1, 42.)  The two uses of "Respondent" in ¶ 41 appears to be typographical errors which do not affect the Court's analysis.

On February 12, 2026, petitioner's request for a custody redetermination under 8 C.F.R. § 1236 was heard by an immigration judge ("IJ"). (ECF No. 7-1 at 1-2.) Petitioner's request was denied because the IJ found petitioner entered the U.S. as an "arriving alien," and thus lacked authority to redetermine petitioner's custody. (Id. at 1.) In the alternative, the IJ found that petitioner failed to show he is not a danger to the community citing petitioner's recent arrest for solicitation, noting petitioner did not file any documents related to the facts and circumstances of his arrest. (Id.) Petitioner reserved his right to appeal. (Id. at 2.)

At the time of his arrest and detention, petitioner was working as a rideshare driver. (ECF No. 1 at 9.) Petitioner has been in continuous detention since December 23, 2025. Respondents do not contest petitioner's factual allegations. (See ECF No. 5.)

## II.    PROCEDURAL BACKGROUND

On March 3, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On March 12, 2026, respondents timely filed a response and answer to the petition. (ECF No. 5.) Petitioner did not file a reply. On March 30, 2026, this Court issued a minute order requiring respondents to submit relevant immigration documents, and permitted both parties to file supplemental briefing, respondents due by April 3, 2026, and petitioner's due by 5:00 p.m. on April 8, 2026. (ECF No. 6.) Respondents filed their supplemental response on April 3, 2026. (ECF No. 7.) Petitioner did not file a supplemental response. (See Docket.) Briefing is now complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.    DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner contends he was arrested and detained by respondents on December 23, 2025, "without notice or cause."  (Id. at 1.) Petitioner challenges his arrest and detention based on the violation of the following:  (1) Fourth Amendment (unlawful arrest); (2) Administrative Procedure Act ("APA") (detentive stop without reasonable suspicion); (3) APA (warrantless arrest without probable cause of immigration violation); (4) APA (warrantless arrest without probable cause of likelihood of escape); (5) APA (Castañon Nava Settlement Agreement); and (6) Fifth Amendment right to procedural due process.  (ECF No. 1 at 11-17.)

Respondents do not argue that petitioner is a flight risk or a danger to the community and instead oppose petitioner's release arguing that the government did not violate any statute or regulation or otherwise violate petitioner's constitutional rights by arresting and detaining petitioner for removal proceedings.  (ECF No. 5 at 1.)  Respondents recognize that most courts in the Eastern District of California have ruled in favor of petitioner's arguments, but point out at least one court agrees with Buenrostro-Mendez v. Bondi, 2026 WL 323330 (5th Cir. 2026).  (Id. (citing D.M.R.D. v. Andrews, 2026 WL 353405, at *4 (E.D. Cal. Feb. 9, 2026); J.E.P.M v. Wofford, 2026 WL 125270, at *2 (E.D. Cal. Jan. 16, 2026) (collecting cases)).

Respondents contend that petitioner's "prior release in the discretion of DHS does not have the effect of having converted petitioner's presence in the United States into an 'admission.'"  (ECF No. 5 at 2.)  Instead, respondents argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A) and he is ineligible for a bond hearing.  (ECF No. 5 at 2 (citing Buenrostro-Mendez, 2026 WL 323330, at *8).)  Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any

form other than the form provided by Congress.  (Id.)  In the alternative, respondents request that the Court stay this matter pending resolution of Rodriguez v. Bostock, No. 25-6842 (9th Cir.).  (Id.)  Respondents add that if the Court grants injunctive relief, the Court should include express language that the government may detain petitioner to execute a final order of removal if one becomes available.  (Id. at 2 (citations omitted).)

### A.     Due Process Claim (Claim Six)

Petitioner argues he has a fundamental liberty interest in freedom from imprisonment pursuant to the Fifth Amendment, and due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner," based on a rational and individualized determination of whether petitioner was a flight risk or unlawfully present in the United States. (ECF No. 1 at 16 (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)).  Respondents argue petitioner's due process claim fails because petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress.  (ECF No. 5 at 2.)

Petitioner received a post-deprivation hearing before an IJ on February 12, 2026, where petitioner had the opportunity to demonstrate he did not pose a danger to the community or a flight risk.  (ECF No. 7-1 at 1-2.)  Although the IJ initially found she had no authority to redetermine petitioner's custody status because he was an arriving alien, the IJ alternatively found that petitioner failed to demonstrate he was not a danger to the community, and cited petitioner's recent arrest for solicitation.  (Id. at 1.)  Petitioner does not argue that the post-deprivation hearing was not held at a meaningful time or in a meaningful manner; indeed, petitioner fails to acknowledge that he was provided a post-deprivation hearing.  (ECF No. 1, passim.)  This Court finds that petitioner was provided due process in connection with his re-detention, and no further process is required in connection with such re-detention.  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193-94 (9th Cir. 2022) (procedural due process does not require, in all cases in which a noncitizen is under prolonged statutory nonmandatory detention pending completion of

///

///

///

5

removal proceedings, a second bond hearing, and detainee was not entitled to second bond hearing under Mathews v. Eldridge test for procedural due process rights).[4]

### B. Claims Concerning Petitioner's Alleged Unreasonable Seizure and Arrest (Claims One - Five)

Petitioner was provided due process in connection with his claim challenging his re-detention; thus, his remaining claims concerning his arrest are moot. Further, petitioner does not dispute that he was earlier arrested by the Los Angeles Police Department. (ECF No. 1 at 9.) Indeed, petitioner was arrested by immigration officers as petitioner departed the police department. (Id.) The Court finds that petitioner's arguments concerning his arrest by immigration officers, pled on information and belief in an unverified pleading, are inadequately supported because they do not address the arrest warrant issued by DHS and personally served on petitioner on December 23, 2025, the date of his arrest. (ECF No. 7-1 at 11.) Petitioner did not file a supplemental response to the respondents' April 3, 2026 supplemental response, despite the Court's March 30, 2026 minute order providing petitioner with the opportunity to do so (ECF No. 6). (See Docket.)

## V. RESPONDENTS' REQUEST TO STAY

Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country. A stay would put a further strain on limited judicial resources.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.

///

---

[4] Petitioner does not argue that his due process rights are violated based on prolonged detention, likely because he has been detained since December 23, 2025, just over three and a half months. Zadvydas, 533 U.S. at 701 (finding six month period of detention presumptively reasonable).

2.  The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/sodi1720.157.2241.imm

7